UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RYAN RANDOLPH, also known as
Ryan Keith Randolph,

       Plaintiff,

 v.                    9:19-CV-0180
                         (DNH/CFH)

NEW YORK STATE DEPARTMENT
OF CORRECTIONS, et. al.,

       Defendant.

---

APPEARANCES:

RYAN RANDOLPH
10-A-0814
Plaintiff, pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

Pro se plaintiff Ryan Randolph ("Plaintiff") commenced this action by filing a Complaint for relief pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis. Dkt. No. 1 ("Compl.") and 7 ("IFP Application").

In a Decision and Order filed March 13, 2019 (the "March Order"), the Court denied Plaintiff's IFP Application pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). Dkt. No. 10. Plaintiff was afforded thirty days to pay the filing fee in order to avoid dismissal of this action. *Id*.

1

Rather than pay the filing fee, Plaintiff has now submitted a letter advising that he does not have the funds to remit the filing fee. Dkt. No. 15. Plaintiff requests "all relevant paperwork concerning this case" so that he may "refile in the Northern District Court with two other plaintiffs." *Id.*

The Court construes Plaintiff's letter as seeking voluntary dismissal of this action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Since defendants have not been served, and have neither answered nor moved for summary judgment, Plaintiff is entitled to voluntary dismissal of the action, without further order of the court, upon the filing of such a notice. Fed. R. Civ. P. 41(a)(1)(A)(i). And, by rule, "[u]nless the notice . . . states otherwise, the dismissal is without prejudice. . . ." Fed. R. Civ. P. 41(a)(1)(B).

In light of the foregoing, upon the filing of Plaintiff's letter requesting dismissal, this action is dismissed, without prejudice.

With respect to Plaintiff's request for "all relevant paperwork," as discussed *supra*, Plaintiff's IFP application was denied. Even assuming Plaintiff is indigent, he is not entitled to free copies but instead must bear his own costs of litigation. *See Madison v. Hoey*, No. 9:03-CV-749 (FJS/GJD), 2006 WL 2265016, at *3 (N.D.N.Y. Aug. 4, 2006). Therefore, Plaintiff's request for free copies of all paperwork is denied. If Plaintiff wishes to obtain copies of filings from the Court, the Clerk will compute the amount Plaintiff must prepay, at a cost of $0.50 per page, in order to obtain such copies. The Court directs the Clerk to provide a courtesy copy of the docket sheet to Plaintiff.

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court close this case and reflect that the action is voluntarily dismissed without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order and a copy of the docket sheet on Plaintiff.

IT IS SO ORDERED.

Dated: May 30, 2019
       Utica, New York.

_____
United States District Judge